IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SHEPHERD, | ) |
| | ) |
|                **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 16-cv-00333-JPG |
| | ) |
| DOCTOR SHAH, | ) |
| NURSE JANE DOE, | ) |
| and WARDEN J. PARKER, | ) |
| | ) |
|                **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony Shepherd filed a complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 in the United States District Court for the Northern District of Illinois on March 18, 2016. *See Shepherd v. Shah, et al.* Case No. 16-cv-3424 (N.D. Ill. 2016). In his complaint, Plaintiff claims that he was denied adequate medical care for injuries that he sustained at Southwestern Illinois Correctional Center ("SWICC") on August 2-4, 2014. SWICC is located in the federal judicial district for the Southern District of Illinois, and after reviewing the complaint, the Northern District determined that venue for the action lies in the Southern District. The case was therefore transferred to this district for all further action.

Now before this Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") without prepaying the filing fee (Doc. 4). At the time he filed this action, Plaintiff indicates that he was not incarcerated. Public records indicate that he was on parole.[1] As a parolee, Plaintiff does not meet the statutory definition of "prisoner" for purposes of the IFP

---

[1] The Court obtained this information from the Illinois Department of Corrections' website at https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx. *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. However, the Court's inquiry does not end there.

Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. A court can deny a qualified plaintiff leave to file IFP or dismiss a case, if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing an application for IFP, a district court should inquire into the merits of the claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

## The Complaint

According to the complaint, Plaintiff was denied adequate medical care for injuries that he sustained to his foot, head, shoulder, and back at SWICC on August 2-4, 2016. (Doc. 1, p. 1).

In connection with this claim, Plaintiff sues Nurse Jane Doe, Doctor Shah, and Warden Parker. He seeks monetary damages, declaratory judgment, and injunctive relief. (*Id*. at 5).

On August 2, 2014, Plaintiff allegedly injured his foot while playing soccer at the prison. (*Id*. at 2). The same day, he was seen in the healthcare unit ("HCU") by an unknown nurse ("Nurse Jane Doe"). He complained of swelling and intense foot pain. Although Nurse Doe initially instructed Plaintiff to "come back on Monday" for further evaluation and treatment, he insisted on being treated immediately. Nurse Doe wrapped his foot with a bandage and gave him Tylenol for pain. She also recommended that he avoid taking a shower until further examination, so that his foot would not need to be re-wrapped. When Plaintiff pointed out that he was assigned to a top bunk on the second floor, Nurse Doe stated, "Well you're only 23; you'll be alright." (*Id*.).

While climbing down from his top bunk later that day, Plaintiff fell and injured his shoulder. He reported the injury to a correctional officer the following morning. Plaintiff also requested a shower, despite Nurse Doe's recommendation against it, because he was hot and sweaty. The correctional officer contacted the HCU to clear this request with medical staff, and it was approved. After Plaintiff's shower, Nurse Doe re-wrapped Plaintiff's foot but did not examine his shoulder. When Plaintiff complained to the nurse about his "mobility restrictions," she recommended that he stay in bed until further examination and "just take his pills." (*Id*.).

The following day on August 4, 2014, Plaintiff fell down approximately twelve stairs on his way to the prison's dietary unit. (*Id*. at 3). At the time, he was using crutches. Two officers called a "code 3," and several additional officers arrived at the scene. Plaintiff was instructed to remain on the ground, until medical assistance arrived.

A second nurse, who is not named as a defendant in this action, arrived at the scene and asked Plaintiff if he could get into a wheelchair without assistance. Plaintiff said that he could not. When she saw Plaintiff's crutch hanging from the stairs, the nurse asked him what was wrong with his foot. Plaintiff explained that it hurt when he moved it. She tickled his foot repeatedly.

Instead of the wheelchair, Plaintiff was instructed to move onto a stretcher. He asked for assistance, but his request was denied. Crying, he moved himself onto the stretcher, and two officers carried him to the HCU.

Plaintiff waited five hours for an ambulance to arrive. For the first two hours, Nurse Doe repeatedly tickled Plaintiff's foot while he remained strapped to a stretcher. She also made comments suggesting that he was faking his injuries. For the next three hours, Plaintiff was left strapped to the stretcher unattended. When Sergeant Wilson entered the HCU and learned how long Plaintiff had been strapped down, the sergeant told the medical staff that their conduct was inexcusable.

Warden Parker then had Plaintiff complete paperwork, and he was taken by ambulance to a hospital located in East St. Louis, Illinois. There, a doctor examined Plaintiff in the emergency room and ordered x-rays of his entire upper body and left foot. (*Id*. at 3). After being x-rayed, Plaintiff was transported back to the prison, where he met with Doctor Shah. (*Id*. at 4). The doctor explained that the tests revealed no fracture. Doctor Shah examined Plaintiff, but instructed him to return the crutches and walk to his cell without assistance.

Plaintiff insisted that he could not walk to his cell unassisted. A screaming match between Plaintiff and the medical and/or prison staff ensued. Another inmate was eventually called to the HCU to assist Plaintiff. Instead of returning to his old cell, Plaintiff was placed in

disciplinary segregation for fourteen days pursuant to the doctor's request. During this time, Plaintiff was denied access to medication that he was prescribed at the hospital.

For the next ten months, Plaintiff claims that he was denied all further medical care for his back and shoulder injuries. His requests to see a spine specialist were denied, and he was treated with "pills" instead. The doctor eventually told Plaintiff "not to come over [to the HCU] anymore," or he would be sent to segregation. (*Id*. at 4).

Plaintiff now sues Nurse Doe, Doctor Shah, and Warden Parker pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. He claims that these defendants deprived him of adequate medical care. He still suffers from limited mobility and "intense and constant pain as a result of . . . being deprived [of] medical care." (*Id*.). Plaintiff seeks monetary damages, declaratory judgment, and injunctive relief. (*Id*. at 5).

## Discussion

The complaint articulates a colorable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Nurse Doe and Doctor Shah, but not Warden Parker. To establish a claim for the denial of medical care, a plaintiff must demonstrate that the defendants were aware of and disregarded a substantial risk of harm from an objectively serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). A medical condition is "serious," if it has been diagnosed by a physician or is so obvious that a layperson would recognize the condition as requiring treatment. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Deliberate indifference is intentional or reckless disregard of a substantial risk of harm posed by the condition; negligence does not support a deliberate indifference claim. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

The complaint satisfies the objective component of this claim. Although x-rays revealed no fractures, Plaintiff continued to suffer from "intense pain" and "loss of mobility" after injuring his foot, back, shoulder, and head on August 2-4, 2014. (Doc. 1, p. 4). The Seventh Circuit has recognized that "the presence of a medical condition that significantly affects an individual's daily activities" or "the existence of chronic and substantial pain" may be an indication of a serious medical need. *Gutierrez*, 111 F.3d at 1373 (citation omitted). For screening purposes, the Court assumes, without deciding, that Plaintiff's injuries were objectively serious. *See Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014); *Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008) (assuming without deciding that back pain was objectively serious medical need).

The complaint also suggests that Nurse Doe and Doctor Shah may have responded to Plaintiff's injuries and pain with deliberate indifference. Plaintiff continued seeking treatment for pain and loss of mobility for ten months after he was injured. He alleges that Nurse Doe and Doctor Shah refused to provide him with treatment or a referral to a specialist for further evaluation. Although the Court takes no position regarding the merits of this claim, it cannot dismiss Count 1 against Nurse Doe and Doctor Shah at this time.

However, the complaint supports no claim against the warden. Liability under § 1983 arises from a defendant's personal involvement in a constitutional deprivation; the doctrine of *respondeat superior* does not apply to § 1983 actions. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). A defendant in a supervisory capacity, such as Warden Parker, may be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his or her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*,

251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")). Here, Plaintiff includes no allegations suggesting that Warden Parker was personally involved in a decision to deny Plaintiff medical care or that the warden knew about the other defendants' decision to deny all further treatment for Plaintiff's injuries. The complaint supports no individual capacity claim against the warden.

Further, Plaintiff's request for injunctive relief, which would normally proceed against a warden in his or her official capacity, is subject to dismissal. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (claim for injunctive relief may proceed against the person who has authority to carry out any relief that is ordered). Plaintiff is no longer incarcerated at the prison. He does not allege that he anticipates returning. In this case, Plaintiff's request for injunctive relief is moot. *See Dorel Juvenile Grp., Inc. v. DiMartinis*, 495 F.3d 500, 503 (7th Cir. 2007) (explaining that a claim for injunctive relief is moot when a court cannot grant "any meaningful relief"). Count 1 shall be dismissed without prejudice against Warden Parker.

The complaint articulates no colorable claim against the defendants under 42 U.S.C. §§ 1985 or 1986 (**Count 2**). These statutes govern conspiracies to interfere with a person's civil rights. *Id*. Plaintiff mentioned both statutes in the opening paragraph of his pleading but nowhere in his statement of claim. The allegations do not allude to the existence of a conspiracy. The Court finds that Plaintiff's conspiracy claim "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Twombly*, 550 U.S. at 570 (claim of entitlement to relief must cross "the line between possibility and plausibility").

Further, under the intracorporate conspiracy doctrine, a Section 1985 conspiracy claim "cannot exist solely between members of the same entity." *Payton v. Rush Presbyterian-St.*

*Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). Plaintiff has alleged that the defendants are members of the same entity, the Illinois Department of Corrections, and that they were all working in the IDOC's interest. Therefore, the defendants cannot be sued under § 1985 or § 1986 for conspiracy. *See id. See also Wright v. Ill. Dep't Of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994).[2] Accordingly, Count 2 shall be dismissed with prejudice.

### Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 1 against Defendant Nurse Jane Doe, the unknown nurse at SWICC who met with Plaintiff on several occasions from August 2-4, 2014. Before service of the complaint can be made on her, this individual must be identified with particularity. Where a complaint states specific allegations describing conduct of individual jail staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the plaintiff should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In this case, Doctor Shah is already named as a defendant. He shall respond to discovery aimed at identifying Nurse Jane Doe with particularity. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of this defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the complaint.

### Pending Motion

Plaintiff's motion for attorney representation (Doc. 5) shall be **REFERRED** to a United States Magistrate Judge for further consideration.

---

[2] While *Wright* focused on corporate managers, nothing in its reasoning precludes application of this doctrine to supervisors and subordinates in a government entity, as long as all are working in the entity's interest. *Id.* at 633.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**. Plaintiff's sworn application establishes that he is indigent for purposes of IFP review. Plaintiff's complaint survives review under § 1915(e)(2). He will therefore be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying a filing fee at all (*See* § 1915(d)).

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **WARDEN J. PARKER** is **DISMISSED** without prejudice from this action because the complaint states no claim against him upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** is subject to further review against Defendants **DOCTOR SHAH** and **NURSE JANE DOE**. The Clerk of Court shall prepare for Defendant **DOCTOR SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that service shall not be made on Defendant **NURSE JANE DOE** until such time as Plaintiff has identified this defendant by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a defendant who cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's motion for attorney representation (Doc. 5).

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 2, 2016**

*s/J. Phil Gilbert*
**U.S. District Judge**